USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/24/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATENCE ATITO,<br><br>      Plaintiff,<br><br>  -against-<br><br>KHALEEL YORKE & A&Y GROUP, Inc.,<br><br>      Defendants. | 1:21-cv-8448-MKV<br><br>ORDER DENYING MOTION TO VACATE DISMISSAL |

MARY KAY VYSKOCIL, United States District Judge:

  Plaintiff commenced this action on July 15, 2021, in the Supreme Court of the State of New York, County of Bronx, by filing a Summons and Verified Complaint. [ECF No. 1-1]. Defendants were served with the Summons and Complaint on September 13, 2021, and September 27, 2021. [ECF No. 1]. On October 13, 2021, Defendants timely removed this action to Federal Court on the basis of diversity jurisdiction. [ECF No. 1]. Defendants filed the Notice of Removal in this action [ECF No. 1], and in the Supreme Court of the State of New York, County of Bronx. (*See* Notice of Removal, *Atito v. Yorke*, No. 809662/2021E (N.Y. Sup. Ct. 2021)).

  Over a month later, Plaintiff had not appeared in this action. In order to ensure that all of the requirements had been met for federal jurisdiction under 28 U.S.C. § 1446(d), the Court ordered Defendants to serve the Notice of Removal on Plaintiff, [ECF No. 3], which Defendants did that same day. [ECF No. 4].

  A month after Plaintiff was served with the Notice of Removal, and over two months after this case was removed, Plaintiff had still failed to make an appearance or otherwise prosecute his case. Accordingly, the Court issued an order dismissing this action for failure to prosecute without costs to any party and without prejudice to restoring the action to this Court's

calendar if the application to restore the action was made by January 16, 2022. [ECF No. 5].[1] The Court warned that if no application was made by that date, the dismissal of the action would be with prejudice. [ECF No. 5].

A week after the Court issued the order dismissing the action, E. David Woycik, Jr. Esq., filed an appearance on the docket on behalf of Plaintiff. [ECF No. 7]. Nonetheless, Plaintiff did not timely file a motion to restore the action.

On April 12, 2022, almost four months after the Court dismissed this case for failure to prosecute, and well after the deadline to restore this action, Plaintiff filed a motion to vacate the order dismissing this case, [ECF No. 8], with an affirmation in support of his motion (Pl. Aff. [ECF No. 8-1]). Defendants oppose the motion. (Def. Aff. [ECF No. 11]).

## DISCUSSION

Under Rule 60(b)(1), the court may grant relief from an order on grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In assessing whether neglect was excusable, courts evaluate four factors: "(1) the danger of prejudice to the [non-movant], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Padilla v. Maersk Line, Ltd.*, 721 F.3d 77, 83 (2d Cir. 2013).

Having carefully considered the Rule 60(b)(1) factors, the Court denies Plaintiff's motion to reopen this case. The Court acknowledges that the first two factors weigh in Plaintiff's favor. Defendants would be minimally prejudiced by reopening the case since Defendants had not yet

---

[1] The Court's order inadvertently stated that the parties had until January 16, 2021 to file a motion to restore the action. [ECF No. 5]. Given that the order was issued in December of 2021, the parties should have been on notice that the deadline was actually January 16, 2022. Plaintiff does not argue that he was unclear as to the deadline to restore this action.

filed an answer in this action and granting Plaintiff relief would delay discovery in this case by a few months.  In the context of a Rule 60(b) motion, "delay alone is not a sufficient basis for establishing prejudice."  *New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).  Rather, "[s]omething more is needed," such as when a delay "thwart[s] plaintiff's recovery or remedy . . . result[s] in the loss of evidence, create[s] increased difficulties of discovery, or provide[s] greater opportunity for fraud and collusion." *Green*, 420 F.3d at 110.  Defendants have not made a showing that any evidence has been destroyed or that discovery would be significantly more difficult due to Plaintiff's delayed prosecution of this action.

Nonetheless, Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances."  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted).  The most important factor under a Rule 60(b)(1) inquiry is the reason for the delay.  *See In re Enron Corp.*, 419 F.3d 115, 122–23 (2d Cir. 2005)).  In general, courts in this circuit are reluctant to allow attorney error as a basis for relief under Rule 60(b)(1).  *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015).  A party who "'fails to act with diligence' cannot 'demonstrate that his conduct constituted 'excusable neglect' under Rule 60(b)(1)."  *Philips Lighting Co. v. Schneider*, 636 F. App'x 54, 58 (2d Cir. 2016) (quoting *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 177 (2d Cir. 2004)).

This action was timely removed to federal court in October 2021.  [ECF No. 1]. Defendants promptly filed a Notice of Removal in the Supreme Court of the State of New York, County of Bronx (*see* Notice of Removal, *Atito v. Yorke*, No. 809662/2021E (N.Y. Sup. Ct. 2021)) and thereafter, in November 2021, served on Plaintiff the Notice of Removal.  [ECF No. 4].  The Court issued its order dismissing the case in December 2021 and gave Plaintiff thirty

days to respond. [ECF No. 5]. Plaintiff's counsel filed an appearance on the docket shortly thereafter and had several weeks to file a motion to restore the action. [ECF No. 7]. Indeed, Plaintiff concedes that he received the initial order issued by the Court in November 2021, in which the Court stated that Plaintiff had failed to file an appearance. (Pl. Aff. ¶ 11). Plaintiff sat idle for several months thereafter and, notwithstanding that he retained counsel who filed an appearance, failed to move to restore this action until well after the deadline to do so had passed. [ECF No. 8].

Plaintiff contends that there is excusable neglect here because he was misled by an associate who advised him that the motion to restore the action had been timely filed. (Pl. Aff. ¶ 11). But attorney error does not entitle a plaintiff to relief from a judgment of which he had sufficient notice and an opportunity to respond. *See Gomez*, 805 F.3d at 423; *see also Klipsch Grp., Inc. v. Shenzhen Sosound*, No. 11 CIV. 9187 PAE, 2013 WL 1387061, at *3 (S.D.N.Y. Apr. 5, 2013) ("The circumstances which [the defendant] proffers [for vacating a judgment] fall squarely within the bounds of attorney ignorance or mistake, and the Second Circuit has held that an attorney's errors do not normally constitute grounds for vacating a judgment under Rule 60(b)(1)."); *Cyan Contracting Corp. v. Nat'l Grange Mut. Ins. Co.*, 257 F.R.D. 626, 628 (S.D.N.Y. 2009) ("Attorney error rarely is a ground for relief under Rule 60(b)(1) and is a ground under Rule 60(b)(6) only where the attorney's conduct is grossly negligent and extraordinary circumstances are present."). Accordingly, Plaintiff's Motion to Vacate the Dismissal is denied.

## CONCLUSION

For the reasons stated, Plaintiff's Motion to Vacate the Court's Order Dismissing this action [ECF No. 8] is DENIED.

The clerk of court respectfully is requested to terminate docket entry 8.

**SO ORDERED.**

Date:  May 24, 2022
       New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**